UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DEVELOPERS SURETY & INDEMNITY CO.     CIVIL ACTION NO. 18-cv-1379

VERSUS     JUDGE FOOTE

CERCONTEC, LLC, ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Developers Surety filed this breach of contract action against Cercontec, LLC and Kerry Williams based on the terms of an indemnity agreement. Kerry Williams later filed for bankruptcy, and Developers Surety dismissed its claims against Williams without prejudice and reserved its rights to pursue Williams in the bankruptcy court.

Cercontec, LLC was originally represented by counsel and filed an answer to the complaint. Counsel later withdrew, and the court issued an order (Doc. 17) that allowed Cercontec until January 8, 2019 to enroll new counsel. The order explained that the LLC could not appear pro se or be represented by an officer. The company could only appear through counsel authorized to practice in this court. Cercontec was warned that if it failed to enroll new counsel by January 8, 2019, its answer may be stricken, and a default judgment could be entered against it. A copy of that order was mailed to Cercontec's address, and it was not returned. The January 8, 2019 deadline has passed, and Cercontec has not taken any action of record.

The Fifth Circuit has affirmed a district court that struck a pleading offered by an entity that purported to appear through a non-lawyer. <u>Donovan v. Road Rangers Country</u>

Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984). But the Court has suggested that a district court should expressly warn or formally order the entity to retain counsel before the court takes the harsh measures of striking pleadings or dismissing claims with prejudice Memon v. Allied Domecq Qsr, 385 F.3d 871, 874 (5th Cir. 2004).

The court's prior order provided Cercontec an express warning and ordered it to enroll counsel. Cercontec did not comply with the order. Accordingly, Cercontec's answer (Doc. 11) is stricken, and the clerk of court is directed to enter a default against Cercontec, LLC.

Developer's Surety will be allowed until **March 29, 2019** to file a motion for default judgment. The motion should be fully supported by any affidavits, documentation, or other evidence sufficient to prove the validity of service of process, the liability of Cercontec, and the extent of damages suffered. The motion must be supported by a memorandum that explains the legal basis for liability and damages, and it should address whether an evidentiary hearing is necessary. See Leedo Cabinetry v. James Sales & Distribution, Inc., 157 F.3d 410, 414 (5th Cir. 1998). The motion must be accompanied by a proposed judgment. If Developer's Surety fails to take the steps required by this order, the complaint may be dismissed for failure to prosecute.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of February, 2019.

Mark L. Hornsby
U.S. Magistrate Judge